# IN THE COURT OF APPEALS OF IOWA

No. 19-1045
Filed July 22, 2020

**IN THE MATTER OF THE INMAN FAMILY LIVING TRUST,**

**ALVIN INMAN and SANDRA INMAN-ROBINSON,**
      Appellants.
_____

Appeal from the Iowa District Court for Adams County, Michael Jacobsen, Judge.

Appellants appeal a district court ruling on a trustee's application for court direction regarding payment of trust income. **REVERSED AND REMANDED.**

Elizabeth R. Meyer and Lucas B. Draisey of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellants.

Jonathan Mailander of Mailander Law Office, Atlantic, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Appellants Alvin Inman and Sandra Inman-Robinson appeal a district court ruling on a trustee's application for court direction regarding payment of trust income, which directed the trustee to pay Ella Mae Inman the gross income of the trust upon her request regardless of whether trust expenses must then be paid by invading the trust's assets.

## I.      Background Facts and Proceedings

Leland and Ella Mae Inman established the Inman Family Living Trust in 2014.  Leland passed away in 2016.  The Trust expressly states the trustees possessed "such powers, rights and discretion as are presently set forth in the Iowa Code," that the trustees are authorized "to determine fairly and equitably the manner of ascertainment of income and principal and the allocation of all receipts and disbursements to income and principal accounts," and the trust "shall be governed in accordance with the laws of the State of Iowa."

In 2017, the appellants, alongside their sister, filed a petition in which they sought a determination the trust became irrevocable upon Leland's death.  They also sought to prevent their mother, Ella Mae, from amending or modifying the terms of the trust.  In February 2018, the parties entered into a settlement agreement, which provided, in relevant part, the following:

> 1.  [The trust] . . . shall continue in force.
> 2. Pursuant to Article II A[1] of the Trust Declaration, Ella Mae shall be entitled to enjoy all income from the Trust for the remainder of her natural life as she may request or direct.

---

[1] Article II.A. provided: "The Trustee shall pay to either of us or to our order, so much of the income and principal of the Trust as we may request or direct."

3. Pursuant to Article II B[2] of the Trust Declaration, the Trustee shall retain the discretion to invade principal of the Trust, to the extent it deems necessary or advisable, to provide for the proper care, support, maintenance, and education of Ella Mae Inman. The Trust Declaration shall not be construed to permit the invasion of the principal of the Trust other than for these purposes during the life of Ella Mae.

The agreement was approved by the district court.

In April 2019, the trustee applied for guidance from the court regarding payment of trust income. The trustee explained Ella Mae was requesting she be paid all gross income of the trust, as opposed to net income, and doing so would require the trustee to "invade principal for normal and customary expenses, including without limitation payment of real estate taxes, insurance, land repairs, and trustee's and attorneys' fees." The appellants responded that, pursuant to the Iowa Uniform Principal and Income Act, Iowa Code chapter 637 (2019), Ella Mae was only entitled to net income, as opposed to gross income.

The matter was submitted on briefs, and the district court ultimately concluded that the "'all income' clause of the settlement agreement does not limit Ella Mae in how she directs distribution of the income" and "Ella Mae could demand the Trustee distribute to her all gross income." This appeal followed.

II.      **Standard of Review**

Appellate review of equitable proceedings concerning the internal affairs of a trust and interpretation of a trust agreement is de novo. Iowa R. App. P. 6.907; *In re Steinberg Family Living Trust*, 894 N.W.2d 463, 468 (Iowa 2017); *In re Trust*

---

[2] Article II.B. provided: "In addition, the Trustee may pay to either of us or apply for our benefit such amount or amounts of the income of the principal of the Trust as the Trustee, in the Trustee's discretion, deems necessary or advisable to provide for our proper care, support, maintenance, and education."

*No. T-1 of Trimble*, 826 N.W.2d 474, 482 (Iowa 2013). When reviewing a case de novo, we review "the entire record and decide anew the factual and legal issues preserved and presented for review." *Hensch v. Mysak*, 902 N.W.2d 822, 824 (Iowa Ct. App. 2017). "[W]e will affirm the district court unless the district court failed to do substantial equity." *Id.*

### III.    Analysis

The question before us is whether the language "all income" in the settlement agreement entitles Ella Mae to net income or gross income of the trust. The appellants' primary argument is that the Iowa Trust Code and the Iowa Uniform Principal and Income Act apply to the determination of the dispute over the trust and that the applicable statutory provisions require that income interest paid to Ella Mae as the income beneficiary be only net income, and not gross income. The district court's order did not mention any provision of the Iowa Trust Code or the Iowa Uniform Principal and Income Act. Instead, the order cited the "all income" wording in paragraph two of the settlement agreement and the powers vested to the trustee as reasons for its ruling.

It is undisputed that the trust and trust proceedings are subject to the Iowa Trust Code. *See* Iowa Code §§ 633A.1106, .1107; *see also id.* § 633A.1102(18) (defining trust). Additionally, chapter 637, the Iowa Uniform Principal and Income Act "shall apply to trusts subject to" chapter 633A. *Id.* § 633A.4705. A trust is to be administered in accordance with chapter 637 unless the trust contains a different provision. *Id.* § 637.103(1)(c). The trust specifically acknowledges it is governed by the laws of Iowa, and the settlement agreement recites the trust is still in force.

"Settlement agreements are essentially contracts, and general principles of contract law apply to their creation and interpretation." *Sierra Club v. Wayne Weber, LLC*, 689 N.W.2d 696, 702 (Iowa 2004). While the plain meaning of contracts generally prevail, statutes may also affect a contract's interpretation. *See, e.g.*, *Thoams v. Progressive Cas. Ins. Co.*, 749 N.W.2d 678, 682 (Iowa 2008). "The intent of the parties controls the interpretation issues." *Sierra Club*, 689 N.W.2d at 702.

The agreement provided Ella Mae is entitled to request she receive "all income." The appellants argue various provisions contained in chapter 637 mandate interpreting the phrase to mean net income as opposed to gross income. Indeed, Ella Mae amounts to an "income beneficiary" with an "income interest" in the trust. "'Income beneficiary' means a person to whom a trust's *net income* is or may be payable," and an "'Income interest' means an income beneficiary's right to receive all or part of the *net income*, whether the terms of the trust require it to be distributed or authorize it to be distributed in the trustee's discretion." Iowa Code § 637.102(5), (6) (emphasis added); *accord id.* § 637.301(1) ("An income beneficiary is entitled to *net income* from the date on which the income interest begins." (emphasis added)). So, unless the settlement agreement contains a "different provision," the trust must be administered in accordance with those definitions and Ella Mae is only entitled to the net income of the trust. *See id.* § 637.103(1)(c).

Ella Mae points to chapter 637's definition of "income" and argues use of the phrase "all income" creates a different provision and excepts the trust from chapter 637. "Income" means money or property [the trustee] receives as the

current return from a principal asset." *Id.* § 637.102(4). Then, "net income" amounts to those receipts, minus disbursements. *Id.* § 637.102(8). Disbursements include the ordinary expenses of the trust, which, by default are paid from income. *See* Iowa Code § 637.501. As the trustee has explained, interpreting the language to mean gross income would require the trustee to invade trust assets to pay ordinary expenses. The settlement agreement made clear such invasion would only be allowed "to provide for the proper care, support, maintenance, and education of Ella Mae." Thus interpreting section two of the settlement agreement in Ella Mae's favor would frustrate section three of the agreement.

The words "all income" do not in themselves mean all gross or net income and are ambiguous when there are different forms of income that can be considered. But when the settlement agreement contemplated particular situations in which the trustee could invade the principal assets of the trust—"to provide for proper care, support, maintenance and education of Ella Mae"—and then for good measure stated that "[t]he Trust Declaration shall not be construed to permit the invasion of the principal of the Trust other than for these purposes," the words "all income" cannot be understood to mean the dispersion of all gross income. As such, we are unable to conclude the parties' intended "all income" to mean gross income. Furthermore, interpreting "all income" to mean "net income" harmonizes sections two and three of the settlement agreement, and is in accord

with the trust documents and Iowa law.  Consequently, we interpret the language to mean net income as defined under chapter 637.[3]

## IV.    Conclusion

We reverse the district court's ruling on the trustee's application for court direction and remand the matter for entry of an order consistent with this opinion.

**REVERSED AND REMANDED.**

---

[3] Ella Mae argues a provision of the settlement agreement, that "no further actions to construe and determine the terms of the trust shall be brought so long as Ella May is living," should bar the appellants from advancing their arguments in this appeal.  However, this litigation concerns the interpretation of the settlement agreement, not construction of the trust.  We reject the argument